No. 9899.

## WILLIAM S. BENEDICT VS. JOHN BONNOT ET AL.

Though an heir accept a succession that has fallen to him, with the benefit of inventory, yet, if he treats the property as his own, and offer it for sale, or make sale thereof, he makes himself an unconditional heir, and binds himself for the payment of the debts of the deceased.

An heir, having only a residuary interest in the succession of an ancestor, has no just cause of objection to a probate sale made to pay debts, if the same is insolvent. He should have paid the debts before making complaint.

If heirs and creditors remain silent and inactive, and permit the property to pass by a public sale into the hands of strangers, purchasers and third persons accepting title from them are fully protected.

APPEAL from the Civil District Court for the Parish of Orleans. *Houston, J.*

Benedict vs. Bonnot et al

*A. J. Murphy,* for Plaintiff and Appellee.

*Sambola & Ducros, Braughn, Buck Dinkelspiel & Hart* and *P. E. Theard & Sons,* for Defendants and Appellants :

1. By taking possession of the estate of his wife, and continuing the same business for two years after her death, without causing an inventory to be made, James Darcy became personally responsible for all the debts of the community. The share of his minor children was not liable for these debts. R. C. C. 988, 1010.

2. There being no administrator appointed, and James Darcy acting simply as tutor, he could only administer the succession as " an effect, a thing belonging to his wards," and was governed by the rules appertaining to the administration of tutors. The holding of a family meeting to fix the terms of the sale of the minors' share was indispensable. 16 Ann. 420; 34 Ann. 38.

3. An acknowledged creditor, whose claim is allowed on the tableau of distribution, but who has not been paid has his remedy against the tutor ex-officio administrator personally; but he cannot ask that the sale of the succession property be annulled. C. P. 993; R. C. C. 1063 et seq.

4. No such thing as a " putting in possession under the benefit of inventory " is known to our jurisprudence. The heir may accept unconditionally, in which case he is put in possession; or he may accept under benefit of inventory, in which case the administrator must proceed to liquidate the estate and pay the *residuum,* if any, to the heir. R. C. C. 1032, 1051, 1054, 1058, 1062, 1073; 27 Ann. 351; 21 Ann. 365; 19 Ann. 293.

5. Charles A. Benedict having acquired nothing from the succession of Susan Darcy, could convey nothing to William S. Benedict, who inherited from him; hence plaintiff's title is not good, and the defendants have justly refused to take the property adjudicated to them.

---

The opinion of the Court was delivered by

WATKINS, J. At a public auction sale, made on the 21st of June, 1884, by Nicholas J. Hoey, auctioneer of the city of New Orleans, John Bonnot, the sole appellant, became the adjudicatee of a certain lot of ground and improvements, situated in the Third District, for the price of $3100, one-fourth cash and the remainder upon terms of one, two and three years' credit, with the security of mortgage and vendor's lien retained, the purchaser to assume the payment of all taxes o 1884. Thereupon a title in due form was tendered him, and compliance demanded, which he refused, and this proceeding was instituted to compel him to accept same in pursuance of the adjudication.

The grounds of the appellant's refusal are the following, viz :

1st. That the plaintiff is not the absolute owner of the property adjudicated, but that same is succession property, and under administration in the probate court for the benefit of the creditors of the late Charles A. Benedict.

2d. That the sheriff's sale of this property, as that of the community theretofore existing between James and Susan Darcy, should have been preceded by the convocation of a family meeting, and their recommen-

dation of the terms of sale, in the interest of the minors of the deceased mother.

3d. That the sale by James Darcy, tutor, with due formality, and without opposition, could not be subsequently set aside, at the suit of a single creditor, and without notice to the major heir.

4th. That there are recorded against the property various liens, privileges and mortgages, to an amount in excess of the price of adjudication.

Therefore he prays that same be annulled and avoided.

## I.

The plaintiff claims to have derived title from the succession of his deceased brother, Charles A. Benedict, to which he was an heir, his (plaintiff's) brothers and sisters having renounced, and he having accepted same with the benefit of inventory.

The record discloses this state of facts, and that the plaintiff was placed in possession of the property of the estate of the deceased by the judgment of a competent court, upon due proof of the renunciation of all other heirs.

Since that time he has acted and treated the property as his own; has paid the debts of his brother's estate; and, finally, caused the same to be sold to defendant, as his.

Pretermitting any expression of opinion with regard to plaintiff's right to accept the succession *with the benefit of inventory*, and terminate his own administration, his taking the property into possession and treating it as his own, and making a sale thereof, constitutes him an unconditional heir, and subjects him to the payment of the debts of the deceased.

This obligation plaintiff acknowledges and assumes. Under this state of facts the title he offers defendant is as good as that of the deceased.

## II.

The property originally belonged to James and Susan Darcy in community. At the death of the latter, in 1874, James Darcy survived; and there also survived one major and three minor children. The succession of Susan remained without administration until 1877, when the surviving husband qualified as tutor, and caused an inventory to be made. The community assets aggregated $12,440, and its indebtedness $16,722 11.

Benedict vs. Bonnot et al.

The succession of the deceased was insolvent.

The tutor obtained an order of court for the sale of the property, and procured an adjudication of it to himself at the *nominal* price of $9550—though nothing was paid. Prior to this adjudication, though subsequent to the order of sale, James Darcy, in his personal capacity executed and caused to be recorded two special mortgages against the property, then advertised for sale, in favor of two of the creditors of the late community, and, of course, his purchase was subject to them. Subsequently, another community creditor brought suit against James Darcy alone, without making the mortgagees parties, and upon appropriate allegations and proof of fraud, obtained a judgment by default, revoking and annulling his title, and decreeing that the succession of Susan Darcy had not been divested thereby, and that it was subject to the debts thereof. This property was again ordered sold to pay debts of her succession, and the same was adjudicated to Charles A. Benedict.

The defendant's objections to the validity of the proceedings and judgment setting aside the sale to James Darcy are of no force.

The major heir of Susan Darcy was in no way affected by them. When his father assumed to purchase the share of his deceased mother he retained in his hands the share of said heir; and when the sale was revoked the property was left in his hands. In the absence of any complaint by other creditors, defendants cannot be heard. The succession and community were insolvent. On the trial the plaintiff testified that he had paid all the known debts of both, and that if any others there were, same would be paid on presentation.

He claims to have paid all the attorneys' fees and court costs, and has discharged all the mortgages against the property.

There is in the record no countervailing evidence. The heirs of Susan Darcy had only a residuary interest in her succession, which was defeated by the probate sale to pay debts, there being no *residuum* after the same were satisfied.

. The objections urged by the defendant to the title offered him are unfounded, but we think the reservation made by the district judge, requiring the plaintiff to cause the inscriptions of all mortgages, liens and privileges that were of record against said property at date of sale, to be canceled and erased, with the exception of the taxes of 1884, was correct.

Judgment affirmed.